UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS


JOHN W. ANDERSON,                         )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        Case No. 14-CV-1174
                                          )
SGT. BLACKWELL, et al.,                   )
                                          )
                    Defendants.           )


## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se and incarcerated in Menard Correctional Center, was granted leave to proceed in forma pauperis in this civil case.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was housed at Menard Correctional Center. The plaintiff claims that when he "took (his) food hatch hostage" over dissatisfaction with the food, an extraction team was called.  Plaintiff was sprayed with Mace, strip searched and, during the search, subjected to anal penetration with an object.  He was walked through the gallery partially nude with his backside exposed and placed in a suicide cell without running water or a mattress.  Plaintiff further alleges that a med tech made only minimal efforts to wash the Mace from his eyes and he was unable to do so as there was no water in his cell.  He allegedly experienced burning in his eyes and skin for 2 days.

An 8th Amendment claim for excessive force must go beyond deliberate indifference,  alleging that "officials applied force maliciously and sadistically for the very purpose of causing harm".  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  Plaintiff's claim of anal penetration with an object and being paraded naked would appear to sustain a claim of excessive force.  The challenge to conditions of confinement must establish that there was "extreme" deprivation. Farmer v. Brennan, 511 U.S. 825 (1994), quoting Hudson v. McMillan, 503 U.S. 1,9 (1992).  Plaintiff does not inform the court how long he was held in the suicide cell nor does he identify which of the defendants he believes liable for this action. Plaintiff has alleged enough, however, to survive Merit Review as to this issue.

Plaintiff's last claim involves deliberate indifference to his serious medical need. "No matter how serious a medical condition is, the sufferer from it cannot prove tortious misconduct (including misconduct constituting a constitutional tort) as a result of failure to treat the condition without providing evidence that the failure caused injury or a serious risk of injury. For there is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic. *Jackson v. Pollion,* 733 F3d 786 (7th Cir 2013), citing *Rozenfeld v. Medical Protective Co., 73 F.3d 154, 155–56 (7th Cir.1996).* In this case Plaintiff complains of burning, (presumably a burning *sensation)* of his eyes and skin. He has not successfully alleged injury or the serious risk of injury. This allegation should be dismissed with leave to replead.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states the claims identified above, and this case will proceed solely on on those claims. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)      The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)      The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer

sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6)      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8)      The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)     The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

ENTERED: July 17, 2014

FOR THE COURT:

/s/Harold A. Baker

HAROLD A. BAKER

United States District Judge